IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KENNETH W. HARRY,<br><br>        Petitioner,<br><br>  v.<br><br>CRAIG TURNBULL, Commissioner,<br>Alaska Department of Corrections,<br><br>        Respondent. | No. 3:11-cv-00033-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 113] |

  At Docket No. 113, Kenneth W. Harry, a state prisoner appearing *pro se*, file a Motion for Rehearing on Habeas Corpus, apparently asking that this case be re-opened and heard again. This Court denied Harry's Petition for Writ of Habeas Corpus on August 14, 2012, and also denied a certificate of appealability. Docket Nos. 77, 78. Harry appealed this Court's denial to the Ninth Circuit Court of Appeal, which denied his request for a certificate of appealability. Docket No. 111.

  Since that time, Harry has filed, and this Court has rejected, numerous motions to set aside the Court's 2012 judgment. *See* August 2012 Motion for Reconsideration, Docket Nos. 79, 80; April 2013 Motion for Relief from the Judgment, Docket Nos. 85, 87; May 2013 Motion for Summary Judgment on Motion for Relief from the Judgment, Docket Nos. 91, 93; June 2013 Motion treated as motion to alter or amend the judgment, Docket Nos. 94, 95; Motion for Relief From Judgment under Federal Rule of Civil Procedure 60(b)(1), Docket Nos. 96, 99. Harry's untimely instant motion requests a rehearing in this matter, but provides no argument or support to find that such relief is warranted in this long-closed case.

**IT IS THEREFORE ORDERED THAT** the Motion for Rehearing on Habeas Corpus at Docket No. 113 is **DENIED**.

**IT IS FURTHER ORDERED THAT** this Court will not consider any further challenges to the decisions of this Court or other requests for relief in this case. If Harry wishes to further challenge his conviction, he must do so in the state courts or seek leave from the Court of Appeals for the Ninth Circuit to file a second or successive petition. 28 U.S.C. § 2244(b). No further filings will be accepted in this closed case without prior permission of the Court or the Ninth Circuit Court of Appeals.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 674 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

Dated: December 15, 2020.

　　/s/ James K. Singleton, Jr.　　
JAMES K. SINGLETON, JR.
Senior United States District Judge
